# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| JONATHAN DAVIS, | ) |
| Petitioner, | ) No. 1:08-00072 |
| | ) JUDGE HAYNES |
| v. | ) |
| DAVID OSBORNE,[1] | ) |
| Respondent. | ) |

## MEMORANDUM

Petitioner, Jonathan Davis, a state prisoner filed this action under 28 U.S.C. § 2254 seeking the writ of habeas corpus to set aside his three state convictions, two for first degree murder and for attempted aggravated robbery for which he received a life sentence. Petitioner filed this action on November 13, 2008. After the appointment of counsel, Petitioner filed an amended petition on January 6, 2012.

Before the Court is the Respondent's motion to dismiss on grounds of the untimeliness of this action. (Docket Entry No. 26). Petitioner filed his response conceding that his action is untimely, but contending that the applicable statute of limitations should be tolled because State officials denied his request for the transcript of his April 1, 1994 juvenile arraignment. Petitioner contends that this transcript will reveal that he received legal advice from a person who later testified against him.

### A. Review of the State Record

After a jury trial, Petitioner was convicted of two first degree felony murders and an

---

[1]Pursuant to Fed. R. Civ. P. 25(d), David Osborne, Warden of Morgan County Correctional Complex ("MCCC"), was substituted for the formerly named warden of MCCC, Jim Morrow.

attempted aggravated robbery for which he received a life sentence for first degree felony murder. State v. Watkins, No. 01C01-9701-CC-0004, 1997 WL 766462 at *1 (Tenn. Ct. Crim. App. Dec. 12, 1997). On direct appeal, Petitioner's convictions and sentence were affirmed. Id. On September 21, 1998, the Tennessee Supreme Court denied Petitioner's application for permission to appeal. Id. Petitioner filed a state post-conviction petition with several claims of ineffective assistance of counsel that the trial court dismissed on the merits, and on appeal, the Tennessee Court of Criminal Appeals affirmed. Davis v. State, No. M2000-01158-CCA-R3-PC, 2001 WL 922209 at *1 (Tenn. Ct. Crim. App. Aug. 16, 2001). On December 10, 2001, the Tennessee Supreme Court denied Petitioner's application for permission to appeal. Id.

After the filing of this action on November 13, 2008, Petitioner filed a state habeas corpus action on October 28, 2009 challenging his felony murder conviction and his indictment that the state trial court dismissed and on appeal, the Tennessee Court of Criminal Appeals considered the merits of his claims and affirmed on July 19, 2010. Davis v. Morrow, No. E2010-00396-CCA-R3-HC, 2010 WL 2812647 at *1, 2 (Tenn. Ct. Crim. App. July. 19, 2010). On November 10, 2001, the Tennessee Supreme Court denied Petitioner's application for permission to appeal. Id.

As to his 1994 juvenile arraignment transcript, Petitioner asserts that he was denied counsel at his juvenile arraignment and that a person who gave him legal advice later testified against him. The record in this action reflects that on July 25, 2006, Petitioner requested this transcript and on August 15, 2006 Judge Sheila Hargrove, a Circuit Judge, responded that Petitioner's request was actually for his two preliminary hearings; that Petitioner did not have any pending proceeding; and that his state post-conviction petition had been dismissed. (Docket

Entry No. 2-1 at 6-7). Judge Hargrove explained that the 1994 tapes of General Sessions Court proceedings were taped and had been archived and it was uncertain if a court reporter transcribed those proceedings. Id. at 6. Judge Hargrove stated that these transcripts could have been requested prior to his trial. Id. at 6-7. Judge Hargrove, however, entered an order reflecting that petitioner also requested "transcripts of prior proceedings heard in the Juvenile and General Sessions Courts". Id. at 8.

The other exhibits to the petition includes excerpts from the trial transcript about the Petitioner's prior statement on March 30, 1994 (Docket entry No. 2-1 at 1) that was taped and played at a "acceptance hearing," but could not be located at trial. Id. at 2-4. There were transfer and acceptance hearings, but not a transcript of the "acceptance hearing". Id. at 5. There is also a transcript of a "juvenile transfer hearing" for April 8, 1994. Id. at 10. Petitioner attached his letter of July 30, 2008 to the city attorney for Columbia, Tennessee citing his intention to sue the City, if the district attorney's office did not respond to his requests for unspecified records. Id. at 11. Petitioner's second July 30th letter requested his trial transcript. Id. at 12. The final document is a request for unspecified records citing Tennessee statutes and decisions. Id. at 13.

### B. Conclusions of Law

Under 28 U.S.C. Section 2244(d)(1), a person convicted in state court has one (1) year from the time the conviction becomes final on direct appeal to file a federal petition. Yet, as pertinent here, under 28 U.S.C. § 2244(d)(2), "[t]he time <u>during which a properly filed application for State post-conviction</u> or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id. (emphasis added). Moreover, this limitation period can be tolled to permit a

3

claim one year from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(D).

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. Section 2244(d)(1), provides that a person convicted in state court has one (1) year from the time his conviction becomes final on direct appeal to file a federal petition. In Lindh v. Murphy, 521 U.S. 320, 327-29 (1997), the Supreme Court held that the AEDPA was to be applied prospectively, i.e., beginning after April 24, 1996. Where a federal habeas action is stayed pending exhaustion of state court remedies, the federal limitations period is tolled. Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Aside from the "stay and abeyance" rule, the federal limitations period can be equitably tolled under the Court's equitable jurisdiction. Souter v. Jones, 395 F.3d 577, 599-600 (6th Cir. 2005).

Here, Petitioner concedes that this petition is untimely, and the only issue is the application of the equitable tolling doctrine, that is, a judicial doctrine that is invoked only in "rare and exceptional circumstance[s]." Id. at 597 (citing Felder v. Johnson, 204 F.3d 168, 171 and n.8 (6th Cir. 2000)). Here, Petitioner's exhibit (Docket Entry No. 2-1 at 10) reflects that he actually has an excerpt from his April 1994 juvenile transfer hearing. According to the excerpts of the trial transcript attached as exhibits to his petition, the issue of complete transcripts of the juvenile proceeding was an issue at trial. Petitioner has had three state proceedings to pursue this transcript of his arraignment in the state courts in 1997 (direct appeal), 1999 (his state post-conviction proceeding involving claims of denial of ineffective assistance of counsel), and 2009-10 (state habeas proceedings). A review of those decisions reflects that Petitioner elected not to do so. As applied here, the Court concludes that Petitioner's proof does not warrant the

application of the equitable tolling doctrine.

Thus, the Court concludes that this action should be dismissed as untimely under the federal statute of limitations for habeas actions.

An appropriate Order is filed herewith.

**ENTERED** this the ___16th___ day of March, 2012.

William J. Haynes, Jr.
United States District Judge